THOMAS STOCKS, and others, plaintiffs in error, vs. WILLIAM P. YONGE, and others, defendants in error.

When, upon application for that purpose, the Chancellor refuses to grant an order, taking a bill *pro confesso*, and this Court can see sufficient reasons in the record to justify his refusal, the Court is bound to affirm his judgment, whether it be the reason that influenced his decision or not.

In Equity, from Muscogee county. Decided by Judge WOR-RILL, May Term, 1857.

The bill of exceptions in this case was filed against the decision in the Court below, refusing to take a bill *pro confesso*, as against Seaborn Jones, one of the defendants thereto, under the following circumstances:

At May Term, 1856, an agreement, which was entered on the minutes and made an order of Court, was entered into between the counsel for the parties, that the defendants should, at the next term of the Court, plead or demur to the bill, and that if the pleas or demurrer or both were overruled, then, that the defendant should, within five days thereafter,

file a full and complete answer to the bill, and the case set down for trial at the same term. At the following Term, in December, 1856, a demurrer was filed to the bill, which was overruled, but no answers were filed according to the terms of the agreement. At the May Term, 1857, exceptions were taken to the answer of Seaborn Jones, one of the defendants, which exceptions were sustained by the Court, and the defendant ordered to "answer the exceptions by jury hours on Thursday next." This order bore date, on the record, the 19th day of June, 1857, but from the certificate of the Clerk of the Superior Court at the foot of the docket, it appeared that the Court adjourned its May Term on the 13th day of June, 1857, so that the date of the order, as it appeared on the record, must have been wrong.

During the same Term, the plaintiffs moved the Court to take the bill *pro confesso*, as against Seaborn Jones, on the ground that he had not filed a full and complete answer to the same, as required by the agreement which had been made an order of the Court in May Term, 1856. The Court refused to grant this motion, and to this decision the plaintiffs excepted.

WILLIAM DOUGHERTY, for plaintiffs in error.

JONES & JONES, *contra.*

Judge BENNING having been formerly of counsel in this case, did not preside.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This is a bill in equity which has been pending in Muscogee county for many years. At the June Term, 1856, of said Court, it was agreed by counsel in the case, that the defendants should have until the first day of the next Term to demur or plead to the bill as amended, and if the same should be overruled, that then, within five days after the decision was made, the defendants were to file "a full and complete

answer" to the bill as amended; the complainants were to file a replication to the answer, and the case to stand for trial at that Term, and on failure to file said answer, it was to be the privilege of the complainants to take the bill as confessed, if they saw fit to do so.

On the 13th day of December, 1856, that being the next Term of the Court, it seems that a demurrer was filed, and overruled by the Court; and it does not appear that any other or further proceedings were had at that time.

Now, the bill of exceptions states, that at the May Term, 1857, of said Court, "and on a certain day in said Court," without designating the day, a motion was made to take said bill as confessed, against Seaborn Jones, one of the defendants, and proceed to trial, inasmuch as the said defendant had not filed a full and complete answer, as he was required to do by the agreement at May Term, 1856, already referred to. The Court refused to grant the order, and that decision is brought up to this Court by writ of error, and the same is now assigned as error. No reason is given by the Court for refusing to grant the order. But to obtain a reversal, the complainants' solicitor relies, with confidence, upon the judgment of the Court itself, and of record, to show that the answers of the defendant was not "full and complete," and that therefore, according to the agreement, he was entitled to his order. The entry, after stating the case, runs thus: " Exceptions to the answers of Seaborn Jones, to amendment; after hearing argument of counsel, it is ordered that the exceptions be sustained." But, unfortunately for the complainants' solicitor, he has overlooked the balance of the entry which, as we shall see, has an important bearing upon his application to take the bill as confessed. The entry continues and concludes as follows: " And that the defendant answers said exceptions and amendment by jury hours on Thursday next."

This interlocutory order upon the exceptions, bears date the 19th of June, 1857, when it is certified by the Clerk that

that Term of the Court was adjourned on the 13th of the month, or six days previous to the date of the order. Let us presume then that there is a mistake as to the date of this order, and that it was taken sometime during the Term. It will be recollected, that the bill of exceptions fails to state upon what day of the Term the application was made to take the bill as confessed, and let it be further remembered, that inasmuch as the order sustaining the exceptions to Colonel Jones's answer, bears an impossible date, and then we are left equally in the dark as to the day when that was taken. That order, we have seen, does not merely sustain the exceptions to the defendant's answer, and stop there; but it gives him till a future day to perfect his answer.

Now then, how does it appear but that the solicitor of the complainants made his motion, taking the bill as confessed, before the time had expired allowed to the defendant to perfect his answer? And are we not warranted in presuming in favor of the refusal of the Court to grant the order *pro confesso*, that such was the fact? It may be said that the Chancellor had no right to enlarge the time, nevertheless he did it, and that decision is not excepted to. The complainants are bound by it.

Other reasons may have influenced the Chancellor. The complainants having failed to enforce their rights, under the agreement, at the December Term, 1856—the Term to which the agreement had reference—the Chancellor might have supposed that the complainants had waived all rights resulting from that agreement.

Again, why, instead of excepting to the answer, as not full and complete, did not the complainants' solicitor move directly to take the bill as confessed, on account of the defectiveness or insufficiency of the answer? Why except, unless he himself desired a more full and perfect answer? And why allow time to be extended to the defendant, to perfect his answer, in compliance with his exceptions?

But the first ground, upon which we sustain the judgment,

is enough, and unanswerable.   It should appear affirmatively, and the *onus* is upon the plaintiff in error, that the *pro confesso* motion was not made, until the time had elapsed which was allowed the defendant to complete his answer.

As there is some confusion in the record, and the Court is always unwilling to dispose of a case upon erroneous data, the offer was made to the solicitor of the complainants, by the consent of the solicitor of the defendants, to hear this case *de novo*, upon the sufficiency of the answer, and to affirm or reverse the judgment of the Court below accordingly.   But the overture was declined, and we were remitted to the record as it stood, to make up our opinion.   And looking to that, we see no reason for overruling the judgment of the Court below, in refusing to grant the order moved for, to take the bill as confessed.

Judgment affirmed.